UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NAVTEJ KUMAR,**

  **Petitioner,**

               Case No. 1:07-CV-003

v.

               Hon. Gordon J. Quist

**ALBERTO GONZALES,**
**et al.,**

  **Respondents.**
            /

## OPINION

Petitioner is currently detained awaiting his removal from the United States. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the matter is now before this court on respondents' motion to dismiss for lack of jurisdiction (docket no. 6), and petitioner's motion for stay of removal proceedings (docket no. 2).

### Background

Petitioner is a native and citizen of India and entered the United States by way of Mexico in 1994, without inspection. Petition at ¶¶ 4-5. On April 26, 2000, petitioner was found subject to removal and ordered by an Immigration Judge in New York City to voluntarily depart the United States on or before August 24, 2000. *In the Matter of Navtej Kumar,* Case No. A72-690-648; *See* Exh. D attached to Petition.[1] Petitioner remained in the United States, however, and moved to re-open his removal proceedings on or about March 8, 2002. *See* Exh. 8 attached to Resp. Brief.

---

[1] Petitioner has been the subject of removal proceedings dating back to the mid-1990's. In the hearing leading to the April 26, 2000 order, petitioner apparently conceded removability and unsuccessfully sought political asylum.

An Immigration Judge denied this motion in an order entered April 12, 2002. *See* Exh. G attached to Petition. Petitioner appealed this order, which the Bureau of Immigration Appeals affirmed on May 27, 2003. *See* Exh. 10 attached to Resp. Brief.

## Proceedings in This Court

Petitioner has been detained by the government since September 6, 2006 and housed at the Calhoun County, Michigan, Jail. *See* Exh 11 attached to Resp. Brief. On January 3, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C 2241, together with a motion to stay removal. The government responded on January 29, 2007, with a motion to dismiss the habeas petition for lack of subject jurisdiction, to which petitioner responded. The court afforded the government time to file a reply in support of its dispositive motion, but none was submitted and the motion is now at issue. In a surprising turn of events, however, petitioner's counsel advised the court on March 1, 2007, that he had just learned that his client had been taken out of the Calhoun County Jail, and that petitioner's location was unknown. Upon inquiry, the court was informed by government counsel, for the first time, that petitioner was being placed on a plane for India that very afternoon. The court thereupon immediately entered an order on March 1, 2007, to temporarily stay petitioner's removal to give the court an opportunity to consider the motion to dismiss the government had brought before it, and to decide its own jurisdiction.

## Discussion

The April 26, 2000 order, which serves as the basis of petitioner's removal, has three components. First, the order granted petitioner voluntary departure in lieu of removal by August 24, 2000 "or any extensions as may be granted by the District Director." Second, the order set the condition that petitioner provide the INS with appropriate travel documentation by June 26, 2000

2

"sufficient to assure lawful entry into the country to which the alien is departing" and that the travel documents were "due to 26 Federal Plaza, N.Y.C." Third, the order also contained a standard provision converting it into an order of removal upon petitioner's failure to meet the conditions of the voluntary departure, specifically stating:

> It is FURTHER ORDERED that if any of the above ordered conditions are not met as required, the above order shall be withdrawn without further notice or proceeding and the following shall thereupon be immediately effective: respondent [Navtej Kumar] shall be removed to INDIA on the charge(s) in the Notice to Appear.

Order (April 24, 2000). *See,* 8 C.F.R. § 1240.26(d) ("[u]pon granting a request made for voluntary departure. . . the immigration judge shall also enter an alternate order of removal"). The record reflects that petitioner received the order, did not meet its conditions, and received no extensions; therefore there is no issue that an order of removal exists in this case.

Petitioner attacks the validity of the removal order in this court pursuant to 28 U.S.C. § 2241. Title 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, provides the exclusive means of reviewing a final order of removal. It states in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

28 U.S.C. § 1252(a)(5).[2] The statute further states that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." § 1252(b)(2).

Thus, the clear and unambiguous language of § 1252, as amended, precludes this court from exercising jurisdiction over any claim by petitioner which necessitates review of an order of removal.

Petitioner urges the court to retain jurisdiction of this matter, because "[a] petitioner who challenges the very existence of a removal order does not seek 'review of an order of removal' within the meaning of the REAL ID Act, citing *Madu v. U.S. Attorney General*, 470 F.3d 1362 (11th Cir. 2006) and *Kumarasamy v. Attorney General of the United States*, 453 F.3d 169 (3rd Cir. 2006).[3] In these two decisions, the courts concluded that neither Madu nor Kumarasamy sought to review an order of removal. In *Madu,* petitioner left the country voluntarily before the order of removal became operative, and in *Kumarasamy* the petitioner alleged no removal order had been issued. Consequently, both courts found that the REAL ID Act did not apply. *Madu*, 470 F.3d at 1365-68; *Kumarasamy*, 453 F.3d at 171-72.

These two cases are distinguishable from the present case. In this case, the actual existence of a removal order as a document received by petitioner is not in doubt; rather the legal efficacy of it is challenged. Petitioner contends that his removal order arose due to the ineffective assistance of his former counsel, who essentially is alleged to have failed to take certain action on

---

[2] The exceptions set forth in § 1252(e) are inapplicable to petitioner.

[3] Petitioner indicates that he has attached copies of these decisions to his brief. He has not.

petitioner's behalf. Petitioner's Answer at 2. In petitioner's words, "[h]ad this action been taken by the former counsel, a removal order would not have existed." *Id.*

Petitioner's claims of ineffective assistance of counsel are no different in kind from the classic petition for a writ of habeas corpus routinely filed by criminal defendants who allege their convictions are invalid due to the ineffective assistance of counsel. It is precisely this type of petition for a writ of habeas corpus which the REAL ID Act precludes this court from hearing. A virtually identical situation arose in *Feldman v. Gonzalez,* No. 04-3784, 2005 WL3113488 at *2 (6th Cir., November 21, 2005)(unpublished) in which an alien's basis for filing a habeas petition was also an ineffective assistance of counsel based upon his representative's failure to act. Although the petitioner framed his habeas petition only as an ineffective assistance of counsel claim, and not as a direct challenge to the merits of the order of removal, the Sixth Circuit determined that "Feldman's habeas petition challenges the Order of Removal issued against him", and implicitly assumed jurisdiction over the petition, treating it as a petition for review under the REAL ID Act. *See Kellici v. Gonzalez,* 472 F.3d 416, 419 at fn.1 (6th Cir. 2006).

## Conclusion

For the reasons discussed, judicial review of a removal order is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. This statutory provision provides that the sole and exclusive means of asserting a challenge to a final order of removal is to file a petition for review with the appropriate court of appeals, which in this case is the U.S. Court of Appeals for the Second Circuit. The type of claim asserted by petitioner in this action is clearly encompassed by § 1252, as amended. Therefore, petitioner's habeas challenge in this district court to his final order of removal may not be considered.

Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction (docket no. 6) will be GRANTED, and the petition for writ of habeas corpus DISMISSED.[4] The order for a temporary stay of removal issued March 1, 2007 (docket no. 10) will be lifted, and petitioner's motion for a stay of removal (docket no. 2) will be DENIED.


Dated: March 5, 2007 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[4] Petitioner also seeks in his prayer for relief a show cause hearing as to why he should not be released from custody. Petitioner has not pursued this issue and it is clear that this court retain this case only if petitioner challenged just his continued detention, and not his removal as well. *See Kelliei v. Gonzalez,* 472 F.3d 416, 419 (6th Cir. 2006).